1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS AGAR-VALENCIA, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>PSL ASSOCIATES, LLC; and DOES 1 through 20, inclusive,<br><br>               Defendant. | Case No. 2:21-cv-04306-GW-PVCx<br><br><br>**STIPULATED PROTECTIVE ORDER** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

I.   PURPOSES AND LIMITATIONS OF STIPULATION AND PROTECTIVE ORDER

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

II.   GOOD CAUSE STATEMENT

This action is likely to involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or private personnel, policy, and payroll information. Such confidential and proprietary materials and information consist of, among other things, confidential information regarding current and/ or former employees, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

III.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section XIV.C, below, that this Stipulated

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

4844-8002-5850.1 / 100034-1005

1    Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-

2    5 sets forth the procedures that must be followed and the standards that will be applied when a party

3    seeks permission from the court to file material under seal.

4         There is a strong presumption that the public has a right of access to judicial proceedings and

5    records in civil cases. In connection with non-dispositive motions, good cause must be shown to

6    support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th

7    Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v.*

8    *Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

9    good cause showing), and a specific showing of good cause or compelling reasons with proper

10   evidentiary support and legal justification, must be made with respect to Protected Material that a party

11   seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as

12   CONFIDENTIAL does not—without the submission of competent evidence by declaration,

13   establishing that the material sought to be filed under seal qualifies as confidential, privileged, or

14   otherwise protectable—constitute good cause.

15        Further, if a party requests sealing related to a dispositive motion or trial, then compelling

16   reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly

17   tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d

18   665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be

19   filed or introduced under seal in connection with a dispositive motion or trial, the party seeking

20   protection must articulate compelling reasons, supported by specific facts and legal justification, for

21   the requested sealing order. Again, competent evidence supporting the application to file documents

22   under seal must be provided by declaration.

23        Any document that is not confidential, privileged, or otherwise protectable in its entirety will

24   not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then

25   a redacted version for public viewing, omitting only the confidential, privileged, or otherwise

26   protectable portions of the document, shall be filed. Any application that seeks to file documents under

27   seal in their entirety should include an explanation of why redaction is not feasible.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2

4844-8002-5850.1 / 100034-1005

IV. **DEFINITIONS**

A. <u>Action</u>: Action refers to the above referenced matter titled *Alexis Agar-Valencia v. PSL Associates, LLC*, Case No. 2:21-cv-04306-GW-PVCx.

B. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

C. <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D. <u>Counsel</u>: "Counsel" means:

1) Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

2) Aegis Law Firm, and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

E. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3

4844-8002-5850.1 / 100034-1005

1 entity not named as a Party to this action.

2 J. <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action

3 but are retained to represent or advise a party to this Action and have appeared in this

4 Action on behalf of that party or are affiliated with a law firm that has appeared on

5 behalf of that party, including support staff.

6 K. <u>Party</u>: any party to this Action, including all of its officers, directors, employees,

7 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

8 L. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material

9 in this Action.

10 M. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

11 photocopying, videotaping, translating, preparing exhibits or demonstrations, and

12 organizing, storing, or retrieving data in any form or medium) and their employees and

13 subcontractors.

14 N. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

15 "CONFIDENTIAL."

16 O. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

17 Producing Party.

18 V. <u>SCOPE</u>

19 The protections conferred by this Stipulation and Order cover not only Protected Material (as

20 defined above), but also (1) any information copied or extracted from Protected Material; (2) all

21 copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

22 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

23 Any use of Protected Material at trial shall be governed by the orders of the trial judge. This

24 Order does not govern the use of Protected Material at trial.

25 VI. <u>DURATION</u>

26 Once a case proceeds to trial, all of the court-filed information to be introduced that was

27 previously designated as confidential or maintained pursuant to this protective order becomes public

28 and will be presumptively available to all members of the public, including the press, unless

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4

4844-8002-5850.1 / 100034-1005

compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

VII.    DESIGNATING PROTECTED MATERIAL

      A.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      B.    Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

          1.    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5

4844-8002-5850.1 / 100034-1005

for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2.     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

3.     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C.     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VIII.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

A.     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  under Local Rule 37-1, *et seq.*

2        C.    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation

3  pursuant to Local Rule 37-2.

4        D.    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the

5  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or

6  impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

7  sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all

8  parties shall continue to afford the material in question the level of protection to which it is entitled

9  under the Producing Party's designation until the Court rules on the challenge.

10  IX.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

11        A.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

12  produced by another Party or by a Non-Party in connection with this Action exclusively for

13  prosecuting, defending, or attempting to settle this Action. No Party may use Protected Material for

14  any other purpose. Such Protected Material may be disclosed only to the categories of persons and

15  under the conditions described in this Order. When the Action has been terminated, a Receiving Party

16  must comply with the provisions of section XVI below (FINAL DISPOSITION).

17        B.    Protected Material must be stored and maintained by a Receiving Party at a location

18  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

19        C.    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by

20  the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21  information or item designated "CONFIDENTIAL" only to:

22        1.    the Receiving Party's Outside Counsel of Record in this Action, as well as

23  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

24  information for this Action;

25        2.    the officers, directors, and employees (including House Counsel) of the

26  Receiving Party to whom disclosure is reasonably necessary for this Action;

27        3.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

28  reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

4844-8002-5850.1 / 100034-1005

Be Bound" (Exhibit A);

        4.     the Court and its personnel;

        5.     court reporters and their staff;

        6.     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        7.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        8.     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

        9.     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    D.    <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

        1.     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        2.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        3.     cooperate with respect to all reasonable procedures sought to be pursued by the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8

4844-8002-5850.1 / 100034-1005

1   Designating Party whose Protected Material may be affected.

2          If the Designating Party timely seeks a protective order, the Party served with the subpoena or

3   court order shall not produce any information designated in this action as "CONFIDENTIAL" before

4   a determination by the court from which the subpoena or order issued, unless the Party has obtained

5   the Designating Party's permission. The Designating Party shall bear the burden and expense of

6   seeking protection in that court of its confidential material and nothing in these provisions should be

7   construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive

8   from another court.

9   X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
           LITIGATION
10
           A.     The terms of this Order are applicable to information produced by a Non-Party in this
11
    Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in
12
    connection with this litigation is protected by the remedies and relief provided by this Order. Nothing
13
    in these provisions should be construed as prohibiting a Non-Party from seeking additional
14
    protections.
15
           B.     In the event that a Party is required, by a valid discovery request, to produce a Non-
16
    Party's confidential information in its possession, and the Party is subject to an agreement with the
17
    Non-Party not to produce the Non-Party's confidential information, then the Party shall:
18
                  1.     promptly notify in writing the Requesting Party and the Non-Party that some or
19
    all of the information requested is subject to a confidentiality agreement with a Non-Party;
20
                  2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order
21
    in this Action, the relevant discovery request(s), and a reasonably specific description of the
22
    information requested; and
23
                  3.     make the information requested available for inspection by the Non-Party, if
24
    requested.
25
           C.     If the Non-Party fails to seek a protective order from this Court within 14 days of
26
    receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's
27
    confidential information responsive to the discovery request. If the Non-Party timely seeks a protective
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles CA 90071
213.443.4300

9

4844-8002-5850.1 / 100034-1005

1    order, the Receiving Party shall not produce any information in its possession or control that is subject

2    to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a

3    court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in

4    this Court of its Protected Material.

5    **XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

6           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

8    the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized

9    disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (C)

10   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

11   Order, and (3) request such person or persons to execute the "Acknowledgment and Agreement to Be

12   Bound" that is attached hereto as Exhibit A.

13   **XII.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**
14   **        MATERIAL**

15          When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

16   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

17   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

18   modify whatever procedure may be established in an e-discovery order that provides for production

19   without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

20   parties reach an agreement on the effect of disclosure of a communication or information covered by

21   the attorney-client privilege or work product protection, the parties may incorporate their agreement

22   in the stipulated protective order submitted to the Court.

23   **XIII.   FEDERAL RULE OF EVIDENCE 502(D) AND (E) CLAWBACK AGREEMENT**

24          Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree to and the Court orders

25   protection of privileged and otherwise protected Documents against claims of waiver (including as

26   against third parties and in other federal and state proceedings) as follows:

27          A.     The disclosure or production of documents by a Producing Party subject to a legally

28   recognized claim of privilege, including without limitation the attorney-client privilege and the work-

product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

B.    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

C.    If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

1.    the Receiving Party shall: (a) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (b) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (c) specifically identify the Protected Documents by Bates number range or hash value, and, (d) within 10 days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

2.    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within 10 days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

11

1    also provide to the Receiving Party a redacted copy of the document that omits the information that

2    the Producing Party believes is subject to a claim of privilege or other protection.

3         D.    If, during the course of this litigation, a party determines it has produced a Protected

4    Document:

5              1.    the Producing Party may notify the Receiving Party of such inadvertent

6    production in writing, and demand the return of such documents.  Such notice shall be in writing,

7    however, it may be delivered orally on the record at a deposition, promptly followed up in writing.

8    The Producing Party's written notice will identify the Protected Document inadvertently produced by

9    bates number range or hash value, the privilege or protection claimed, and the basis for the assertion

10   of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is

11   consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the

12   claim of privilege or other protection.  In the event that any portion of the Protected Document does

13   not contain privileged or protected information, the Producing Party shall also provide to the Receiving

14   Party a redacted copy of the Document that omits the information that the Producing Party believes is

15   subject to a claim of privilege or other protection.

16             2.    The Receiving Party must, within 10 days of receiving the Producing Party's

17   written notification described above, return, sequester, or destroy the Protected Document and any

18   copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a

19   Protected Document has been loaded into a litigation review database under the control of the

20   Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document

21   extracted from the database.

22        E.    To the extent that the information contained in a Protected Document has already been

23   used in or described in other documents generated or maintained by the Receiving Party prior to the

24   date of receipt of written notice by the Producing Party as set forth in paragraphs 11(c)(2) and 11(d)(1),

25   then the Receiving Party shall sequester such documents until the claim has been resolved.  If the

26   Receiving Party disclosed the Protected Document before being notified of its inadvertent production,

27   it must take reasonable steps to retrieve it.

28        F.    The Receiving Party's return, sequestering or destruction of Protected Documents as

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

12

4844-8002-5850.1 / 100034-1005

provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

1.     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

2.     the disclosure of the Protected Documents was not inadvertent;

3.     the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

4.     the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

G.     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

H.     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

I.     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

J.     By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rules of Evidence 502 (d) and (e).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13

4844-8002-5850.1 / 100034-1005

XIV.  <u>MISCELLANEOUS</u>

      A.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      B.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      C.    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

XV.  <u>INFORMATION SECURITY</u>

      A.    Any person in possession of another party's CONFIDENTIAL information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such CONFIDENTIAL information, protect against any reasonably anticipated threats or hazards to the security of such CONFIDENTIAL information, and protect against unauthorized access to or use of such CONFIDENTIAL information. To the extent a person or party does not have an information security program they may comply with this provision by having the CONFIDENTIAL information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

      B.    If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's CONFIDENTIAL information, the Receiving Party shall:

           1.    promptly provide written notice to Designating Party of such breach;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4844-8002-5850.1 / 100034-1005

| | |
|---|---|
| 1 |         2.     investigate and take reasonable efforts to remediate the effects of the breach, |

2.     investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and

3.     provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## XVI. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section VI (DURATION).

4844-8002-5850.1 / 100034-1005

1    Any violation of this Order may be punished by any and all appropriate measures including,

2    without limitation, contempt proceedings and/or monetary sanctions.

3

4    **FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED**.

5    DATED: September 15, 2021

6    _____

7    Honorable Pedro V. Castillo
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16

4844-8002-5850.1 / 100034-1005

1

**Attachment A**

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

3

4

| ALEXIS AGAR-VALENCIA, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-04306-GW-PVCx |
|---|---|
| Plaintiff, | |
| v. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| PSL ASSOCIATES, LLC; and DOES 1 through 20, inclusive, | |
| Defendant. | |

5

6

7

8

9

10

11        The undersigned hereby acknowledges that he/she having read the Stipulated

12   Protective Order entered in the above-captioned action and attached hereto, understands the terms

13   thereof, and agrees to be bound by its terms, ensuring that any employees and/or clerical assistants

14   will also abide thereby.  The undersigned submits to the jurisdiction of this Court in matters relating

15   to the Protective Order and understands that the terms obligate him/her to use documents designated

16   "CONFIDENTIAL" in accordance with the Protective Order solely for the purposes of the above-

17   captioned action, and not to disclose any such documents or information derived directly therefrom to

18   any other person, firm or concern.

19        The undersigned acknowledges that violation of the Protective Order may result in

20   penalties for contempt of court.

21        Entered into on this _____ day of _____, 202_.

22

23        Signature:        _____

24        Print Name:      _____

25        Address:          _____

26                              _____

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

17

4844-8002-5850.1 / 100034-1005